UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES A. CRAMER,

Petitioner,

v.

LAURIE SMITH, Sheriff,

Respondent.

Case No. 17-cv-03697-JST (PR)

**ORDER OF DISMISSAL**

Petitioner, an inmate at the Santa Clara County Jail proceeding pro se, seeks federal habeas relief from state custody following a partial reversal of a state conviction and sentence. Petitioner has been granted leave to proceed in forma pauperis by separate order.

## BACKGROUND

In 2008, petitioner and two co-defendants were convicted by a Santa Clara County jury of actively participating in a criminal street gang (Cal. Penal Code § 186.22(a)) and conspiring to sell methamphetamine (Cal. Penal Code § 182(a)(1); Cal. Health & Safety Code § 11379) for the benefit of a criminal street gang (Cal. Penal Code § 186.22(b)). See People v. Cramer, No. H034348, 2016 WL 7494889 (Cal. Ct. App. Dec. 30, 2016). The court found true three prior serious felony convictions (Cal. Penal Code § 667), and sentenced petitioner to 43 years to life in state prison. Id. On December 30, 2016, the California Court of Appeal reversed petitioner's conviction for active participation in a criminal street gang and reversed the gang enhancement on his conviction for conspiracy to sell methamphetamine. Id. The court remanded for possible retrial on these counts. Petitioner does not indicate whether he is being retried, but his current incarceration at the Santa Clara County Jail suggests that he is.

**DISCUSSION**

As grounds for federal habeas relief, petitioner alleges insufficiency of evidence, Brady violations[1], and "ineffective witness/counsel." Although the specifics of petitioner's claims are not clearly alleged, it is clear that he asserts these claims as a challenge to his gang conviction and gang enhancement, which as just stated, have already been overturned.

28 U.S.C. § 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 is the proper basis for a habeas petition by a state prisoner, such as petitioner, who is being held for further proceedings after a conviction or sentence has been reversed. In contrast, a petition under 28 U.S.C. § 2254 requires that the petitioner is being held "pursuant to the judgment of a State court." Stow v. Murashige, 389 F.3d 880, 885-88 (9th Cir. 2004) (habeas petition properly considered under section 2241 rather than under section 2254 because conviction had been reversed on appeal).

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 525 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Because the convictions petitioner challenges by way of this petition have already been overturned, this Court can offer no further relief and this action must be dismissed. Any "immediate or speedier release" this Court could theoretically confer has already been granted by the state court.

Dismissal is required even if petitioner is being retried. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex

---

[1] See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is appropriate here because all of the elements of Younger are present. As to the first Younger element, if petitioner is being retried, then state court proceedings are necessarily ongoing. As to the second Younger element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. See Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973) (quoting Younger, 401 U.S. at 44). As to the third prong of Younger, the Court finds no reason that petitioner cannot pursue his constitutional claims in state court, specifically by moving in limine or objecting as appropriate at retrial. Thus, Younger abstention is applicable here. In applying Younger, the Ninth Circuit has held that Younger abstention is only appropriate where the federal court action would have the same practical effect on the state proceeding as a formal injunction. Gilbertson v. Albright, 381 F.3d 965, 977-78 (9th Cir. 2004). Here, although petitioner does not indicate what specific relief he seeks, any relief provided by this court would have the practical effect of enjoining the state court proceedings.

Accordingly, this Court will DISMISS the petition without prejudice. If petitioner is being retried, any alleged constitutional violations are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus. Petitioner is advised that he should not file a new federal petition for a writ of habeas corpus unless and until he is convicted, and then not until his direct appeal and state habeas proceedings have concluded and he has given the state high court a fair opportunity to rule on each of his claims.

**CONCLUSION**

For the foregoing reasons, the petition is hereby DISMISSED without prejudice to petitioner's returning to federal court after the conclusion of state proceedings and exhausting his state court remedies.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason

3

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 21, 2017

_____
JON S. TIGAR
United States District Judge